--The opinion of the Court was delivered by
Mr. Justice Johnson.
It is admitted, that no special damages are laid in the declaration; and if the words were supported by any colloquium, it might be doubtful whether they might not be considered as an imputation on his moral character, rather than a want of professional skill, which alone could render them actionable without special damages; but as the record has not been produced by the appellant, whose duty it was under the rule of Court, I am bound to presume that it states the case made out in evidence. It, therefore, only remains to be considered, whether the words spoken, in connexion with the colloquium or preceding conversation, was an imputation against the plaintiff’s professional skill ? I think they are. The witness, in answer to the defendant’s inquiry, as to what she thought of the plaintiff, gave it as her own, and the opinion of the neighbourhood, that he was very successful in his practice, and therefore highly respected; his reply, “that he was a damned rascal,” although a vulgar expression, is, perhaps, the strongest in use, to convey our ideas of moral turpitude, and rebutted her opinion of his good character: those which followed were, therefore, unnecessary to explain his meaning on that subject, and *237 must have been intended to apply to his success in the practice of physic, and can mean nothing else than a want of skill.
The only ground taken for a new trial, which-is deemed necessary to be noticed, is that which relates to the sufficiency of the evidence to establish the fact, that the plaintiff was a physician, as the other ground is deemed wholly untenable, being a matter for the consideration of the Jury; and having been fairly left to them, and the damages are not, in the opinion of the Court, so excessive as to warrant the interposition of the Court on that ground alone. Every thinking man must rejoice that the Legislature, at their last Session, have adopted measures to regulate admissions to practise physic. But, until now, reputation and merit were generally considered sufficient to entitle the possessor to the appellation of physician, and many, without any other badge of profession, have, and continue to be, ornaments to the profession and country in which they live; and the health and life of the citizen has frequently been found more secure in their hands, than in the hands of some who have no other claim to confidence than the bare possession of a diploma. In laying down a rule on this subject, I am therefore disposed to extend the protection of the law, at least, to this class; and I think, that the evidence that the plaintiff practised with success and reputation for several years, per se, sufficient evidence *238 of his being a physician; but in addition to this, it appears to me that the defendant admits that he is a physician, by calling in question his professional skill. Analogous to this rule, are the cases of civil and military officers, attorneys, &c. in all of which proof that they acted in their several characters is sufficient. 2 Burrow.
I am of opinion, that the motion for a new trial, and in arrest of judgment, ought to be discharged.
JVott, Cheves, and Gantt, J. concurred,
Colcock, J, dissented.